UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

 v.

**NAHYA WIMPYE,**

  **Defendant.**

Case No. 1:21-cr-115

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

Defendant Nahya Wimpye has moved to reduce his sentence in light of recent retroactive amendments to the United States Sentencing Guidelines (U.S.S.G.). (Doc. 48). Under the amended guidelines, Wimpye would have been graded as a Criminal History Category IV, rather than V. (*Id.* at #217). Wimpye therefore asks the Court to reduce his sentence from 54 months to time served (which he claims is the mid-to-high end of the now-applicable guideline range). (*Id.* at #218 & n.1). The government, for its part, concedes that Wimpye is *eligible* for a sentence reduction. (Resp., Doc. 49, #223). But it argues that Wimpye is not *entitled* to a sentence reduction, and that the Court should deny his motion based on consideration of the 18 U.S.C. § 3553(a) sentencing factors, public safety, and Wimpye's post-sentencing conduct. (*Id.* at #223–24). For the reasons discussed below, the Court **GRANTS IN PART** Wimpye's Motion for Sentence Reduction (Doc. 48), and reduces his sentence to 46 months.

## BACKGROUND

During a traffic stop on December 25, 2020, officers discovered that Wimpye, a car passenger, possessed a handgun. (Presentence Investigation Report, Doc. 36, #122). It turned out, though, that at the time of the stop, Wimpye was a convicted felon. (*Id.* at #123). So the government filed a Criminal Complaint, charging Wimpye with violating 18 U.S.C. § 922(g)(1). (Doc. 1).

On October 27, 2021, a grand jury indicted Wimpye of one count of possession by a prohibited person under that same provision. (Doc. 4). Wimpye ultimately pleaded guilty to that count. (Doc. 31).

At sentencing, the Court conducted a guidelines calculation, and determined that the relevant offense level was 17 and that Wimpye's criminal history put him in Criminal History Category V. (Doc. 48, #218). As to his criminal history, Wimpye had various prior convictions, which gave him a score of eight. (*Id.*). But the Court also included two additional points under U.S.S.G. § 4A1.1 (as then-written) because Wimpye committed the instant offense while under a criminal justice sentence for a prior offense. (*Id.* at #216–18). As a result, his total criminal history score of ten put him in Category V. (*Id.*). Taking Wimpye's offense level of 17 and Criminal History Category of V together, the guidelines recommended a sentencing range of 46–57 months. (*Id.* at #218). The Court ultimately imposed a sentence of 54 months. (Judgment, Doc. 44, #197).

The United States Sentencing Commission has since amended the Sentencing Guidelines. U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2024).[1] Relevant here, it changed U.S.S.G. § 4A1.1's rules about enhancing a defendant's criminal history when the defendant committed the instant crime while subject to an earlier criminal justice sentence. Under the new version of § 4A1.1, a defendant receives at most one additional criminal history point (rather than two), and even then, only if the defendant (1) has seven or more criminal history points, and (2) committed the instant offense while under a criminal justice sentence. In adopting these and the other amendments to the guidelines, the Commission also made the amendments retroactive. *Id.* § 1B1.10(d).

So what does that mean for Wimpye? As noted above, Wimpye's previous convictions gave him eight points. (Doc. 48, #216). Under the new version of § 4A1.1, then, instead of a two-point enhancement, he would have received a one-point enhancement (because he had seven or more criminal history points and committed the instant offense while under a criminal justice sentence). And a total of nine criminal history points means he falls in Criminal History Category IV, rather than V. Combining that Criminal History Category with his offense level of 17, his recommended sentencing range would be 37–46 months. U.S.S.G. § 5A.

---

[1] The amendment to § 4A1.1, known as Amendment 821, took effect on November 1, 2023. The Commission, however, amended the guidelines again in 2024 through Amendment 831. But that update did not impact Amendment 821, meaning the 2023 version and 2024 version are the same for all relevant purposes. The Court therefore cites the latest guidelines version (2024).

3

In light of those retroactive changes, Wimpye moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Doc. 48, #217). He asks the Court to reduce his sentence from 54 months to time served, which he claims equates to a 42- or 43-month sentence, thus falling at the mid-to-high end of the new range. *(Id.* at #218 & n.1).

The government, however, opposes the motion. (Doc. 49). It concedes that under the retroactive amendment, Wimpye's Criminal History Category is IV (not V), putting Wimpye in a guidelines range of 37–46 months (not 46–57 months). *(Id.* at #223). But it argues that in considering Wimpye's motion, the Court must consider the 18 U.S.C. § 3553(a) sentencing factors and public safety, and that the Court may consider Wimpye's post-sentencing conduct. *(Id.).* And according to the government, here those considerations militate against reducing Wimpye's sentence. *(Id.* at #224).

Wimpye replied. (Doc. 50). So the motion is ripe.

## LAW AND ANALYSIS

The statute on which Wimpye relies, 18 U.S.C. § 3582(c)(2), provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant … the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Sentencing Guideline § 1B1.10(b)(2)(A) further provides that any such reduction should not result in a term of imprisonment lower than the low end of the newly amended range.

4

As noted, everyone agrees that under the new guidelines, the range that applies to Wimpye's offense is 37–46 months, rather than the 46–57-month range the Court originally calculated. (Doc. 48, #218; Doc. 49, #223). The question, then, is whether to reduce Wimpye's sentence, and if so, how much.

When determining whether and how much to reduce a defendant's sentence the Court "*must* consider the § 3553(a) factors to the extent that they are applicable; *must* consider the impact on public safety; and *may* consider the defendant's post-sentencing conduct." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010) (citing U.S.S.G. § 1B1.10 cmt. n. 1(B)(i)–(iii)). So the Court will consider each of those categories in turn, but it opts to do so in slightly different order. Ultimately, the Court concludes that a 46-month sentence is appropriate.

Start with the second category—public safety—which the Court must consider. There's no denying that Wimpye's past is checkered with criminal conduct. But even with a sentence in the new guidelines range, by the end of Wimpye's term of imprisonment, the public will have received nearly four years of protection from further criminal activity by Wimpye. And in any event, the new sentence will be only eight months shorter than the previous one, so any impact on public safety from the reduction is minimal.

How about the § 3553(a) factors, which the Court also must consider? The Court thoroughly explored these factors during Wimpye's original sentencing hearing. It concluded that, based on the factors, a 54-month sentence with credit for time served was appropriate. (Doc. 44, #197). And importantly, that sentence was

5

within the then-applicable guideline range, falling at the middle-to-high end. (*See* Statement of Reasons, Doc. 45, #204). The government hasn't pointed to any new information that would change the Court's mind on any of the factors. But the Court will nonetheless briefly revisit them here.

As for the nature of the offense, the instant crime was not itself violent. Officers discovered Wimpye in possession of a handgun; he did not threaten anyone with it or discharge it. Of course, handguns are inherently dangerous. But even a 46-month sentence adequately reflects that danger. Turn to Wimpye's personal characteristics. Again, the Court acknowledges Wimpye's criminal history. But the Court likewise contemplated his priors at the original sentencing hearing and concluded that, given the abuse he suffered as a child and continuing mental health struggles, a 54-month within-guideline sentence was appropriate. So there's no apparent reason a 46-month within-guideline sentence (which is a proportionally longer sentence than the original one) does not address Wimpye's personal characteristics. Next is respect for the law, just punishment, and deterrence, both general and specific. A 46-month within-guidelines sentence that falls at the highest end of the range serves all these considerations just as well as a 54-month within-guidelines (at the time) sentence that falls at the mid-to-high end of the range. The next factor is the importance of protecting the public. The Court already explained why a 46-month sentence provides sufficient public protection. That leaves unwarranted disparities. The government itself highlights that "the Guidelines themselves represent the best indication of national sentencing practices." (Doc. 49, #224 (quoting *United States v. Houston*, 529

6

F.3d 743, 752 (6th Cir. 2008))). So a new sentence within the amended guidelines range presumably reduces disparities more than the old sentence (which is above the new range) would. In other words, this factor explains why a sentence that conforms with the new guidelines range is appropriate.[2]

That leaves the third category—post-sentencing conduct—which the Court may consider. Admittedly, the Court has some concerns on this front. Wimpye has had at least one run-in with the Bureau of Prisons (BOP) during his incarceration. He tested positive for THC, then refused to take a second drug test when instructed. (Doc. 49, #221; Doc. 50, #229 n.4). This suggests at least the possibility that Wimpye continues to have difficulty complying with rules. And while the Court hopes that this lapse does not foretell his future behavior, this post-sentencing conduct justifies a sentence reduction to only the top end of the new guidelines range—46 months.[3]

---

[2] In his Reply, Wimpye argues that, in the last five fiscal years, "98% of the defendants sentenced to a term of imprisonment [under § 2K2.1 like Wimpye] received a sentence at the low end of the advisory guideline range." (Doc. 50, #230). That may be so. But for the reasons discussed, the Court declines to reduce Wimpye's sentence below 46 months, which still falls within the now-applicable range.

[3] Although Wimpye requested a "reduction in his sentence to time served," (Doc. 48, #218), the Court thinks such a reduction would be inappropriate for two reasons. First, a reduction to time served would result in a total sentence of "between 42–43 months." (*Id.* at #218 n.1). Especially after considering Wimpye's post-sentencing conduct, the Court does not think such a reduction is warranted. Second, the Court is unaware of precisely how much time the BOP has credited or will credit Wimpye for time served. Indeed, the BOP apparently originally projected Wimpye's release date as September 21, 2025, (Doc. 49, #222), but it now projects his release date as January 7, 2026, (Doc. 50, #227). So it's not clear how many months Wimpye has already served against his sentence. The Court thus opts to reduce Wimpye's sentence to 46 months, and will leave to the BOP the task of determining the appropriate release date.

7

## CONCLUSION

Accordingly, for the above reasons, the Court **GRANTS IN PART** Wimpye's Motion for Sentence Reduction (Doc. 48), and reduces Wimpye's sentence from a term of 54 months with credit for time served to a term of 46 months with credit for time served. All other aspects of the original sentence shall remain the same.

**SO ORDERED.**

January 8, 2025
**DATE**

DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE